# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARTIN GONZALEZ MUNOZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-16-143-HE |
| | ) |
| THOMAS J. SCARANTINO, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, appearing pro se, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Liberally construing his petition, the undersigned finds Petitioner challenges his prisoner classification (Count I), his sentence execution (Count II), and his sentence (Count III). Doc. 1, at 2. United States Chief District Judge Joe Heaton has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). After careful review, the undersigned finds that while Petitioner's Counts I and II appear to be properly raised under § 2241, his sentencing challenge, Count III, must be construed as arising under 28 U.S.C. § 2255. This Court lacks jurisdiction over such a claim, so, in

accordance with Rule 4 of the Rules Governing Section 2254 Cases,[1] the undersigned recommends the court dismiss Count III on screening.

I.  **Background.**

A jury in the Western District of Texas convicted Petitioner of two counts being a felon in possession of a firearm (the first count for possession of a sawed-off shotgun and the second for possession of a pistol), and he received a sentence of 262 months' imprisonment to be served concurrently, followed by two concurrent three-year terms of supervised release. *United States v. Munoz,* 150 F.3d 401, 407-10 (5th Cir. 1998). He appealed, "challenging the seizure of the sawed-off shotgun, certain rulings and conduct during trial, the jury's verdict and his sentence." *Id.* at 410. The Fifth Circuit affirmed the district court's rulings. *Id.* at 419.

Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, alleging ineffective assistance of counsel, duplicitous charges, and that he did not receive proper credit against his sentence in the criminal case for time served in federal custody before he was returned to state custody to complete service of a state sentence. *See Gonzalez Munoz v. United States*, Nos. EP-00-CA-006-DB, EP-96-CR-035-DB, 2003 WL 1566550, at *1 (W.D. Tex. Feb. 19, 2003). The district court rejected his claims. *See id.*

---

[1]  A district court may apply Rule 4 to actions arising under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing 2254 Cases in the United States District Courts.

## II. Petitioner's claims.

As noted, Petitioner raises three claims for relief. Counts I and II challenge Petitioner's prisoner classification and sentence execution. Doc. 1, at 3, 23. In Count III, Petitioner challenges his sentence pursuant to the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), which held the Armed Career Criminal Act's "residual clause" unconstitutional. Doc. 1, at 23.

## III. Sections 2255 and 2241.

The habeas corpus remedy under § 2241 is available to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, a § 2241 petition rarely encompasses claims of unlawful detention based on the conviction or sentence of a federal prisoner. The Tenth Circuit has explained the difference between the two statutory provisions: "A 28 U.S.C. § 2255 petition attacks the legality of detention," and "must be filed in the district that imposed the sentence." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Abernathy v Wandes*, 713 F.3d 538, 542 n.2 (10th Cir. 2013). A § 2241 petition "attacks the execution of a sentence rather than its validity." *Bradshaw*, 86 F.3d at 166. So, Petitioner's Counts I and II, challenging his prisoner classification and BOP's execution of his sentence properly arise under § 2241. However,

Petitioner's *Johnson* challenge to his sentence's legality, Count III, arises under § 2255.

28 U.S.C. § 2255(e) includes a "savings clause," which allows a prisoner to file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Abernathy*, 713 F.3d at 547. But to fall within this exception, Petitioner must show his "opportunity to seek a § 2255 remedy" is "'genuinely absent[.]'" *Cleaver v. Maye*, 773 F.3d 203, 233 (10th Cir. 2014) (citation omitted). As discussed below, Petitioner's opportunity to seek a second or successive § 2255 may not be genuinely absent, so the undersigned finds he cannot raise a *Johnson* challenge to his sentence (Count III) under § 2241. *See, e.g., Brown v. Butler*, No. 15–CV–88–HRW, 2015 WL 6702451, at *4 (E.D. Ky. Nov. 3, 2015) ("Since *Johnson* was rendered four months ago, district courts have consistently concluded that a habeas corpus petition under § 2241 is not a proper method to assert a *Johnson* claim.") (collecting cases).

### III. The court's lack of jurisdiction over Count III.

Because Petitioner has not established "he has satisfied § 2255(e)'s savings clause test," "the court lacks statutory jurisdiction to hear his habeas claims." *Abernathy*, 713 F.3d at 557; *see also Robinson v. Kastner*, No. CIV-13-1366-R, 2014 WL 2972378, at *3 (W.D. Okla. July 2, 2014) (unpublished order) (holding because petitioner had failed to establish entitlement to

4

proceed under § 2241 based on § 2255's savings clause, "this Court lacks subject matter jurisdiction over the Petition"), *aff'd*, 557 F. App'x 896, 897 (10th Cir. 2014) ("The district court's conclusion in this regard is undeniably correct."). Indeed, this Court "would also lack subject matter jurisdiction over the [p]etition if it were construed as a § 2255 motion," because it is not the district court that imposed the sentence. *See id.*; *see also Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) ("Because a section 2255 motion must be brought in the district which the defendant was sentenced, the district court here lacked jurisdiction.").

The remaining question is how to dispose of the matter, and it is more complicated because Petitioner has already sought, and the U.S. District Court for the Western District of Texas, denied, relief under § 2255. Federal prisoners are usually given only one chance to have a § 2255 petition considered on the merits. *See* 28 U.S.C. § 2244; *Prost v. Anderson,* 636 F.3d 578, 586 (10th Cir. 2011).

A district court faced with a § 2241 petition that, "despite its label, . . . is clearly a second or successive § 2255 motion" may dismiss the action for lack of statutory jurisdiction or transfer the action to the appropriate court of appeals for authorization under 28 U.S.C. § 2255(h), if transfer is in the interest of justice. *Copeman v. Bragg*, 383 F. App'x 713, 715-16 (10th Cir. 2010) (citing *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008)); 28 U.S.C.

5

§ 1631. "A transfer is not in the interest of justice when the claims raised in the successive petition *clearly do not meet* the requirements set forth in 28 U.S.C. § 2255(h)."[2] *United States v. Whitehorse*, 354 F. App'x 317, 318 (10th Cir. 2009) (emphasis added) (citing *In re Cline*, 531 F.3d at 1252).

The undersigned finds dismissal is appropriate. Second or successive § 2255 petitions may be allowed under certain circumstances, including when there is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). And, the undersigned notes the United States Supreme Court is set to hear oral argument on March 30, 2016, regarding whether *Johnson* announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review. *Welch v. United States*, ___ S. Ct. ___, No. 15-6418 (U.S. Jan. 29, 2016). Depending on the Supreme Court's decision, Petitioner may have grounds to request permission from the Fifth Circuit to file a second or successive motion for relief under § 2255, and that court may deny or grant his request. Given the Supreme Court has not yet decided whether *Johnson* applies retroactively, Petitioner presents a

---

[2] Other factors bearing on the interest-of-justice analysis include whether the petitioner's "claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked . . . jurisdiction" to consider the petitioner's request for relief. *In re Cline*, 531 F.3d at 1251.

premature claim that does not clearly meet 2255(h)(2)'s requirements. *See In re Williams*, 806 F.3d 322, 325-26 (5th Cir. 2015) (suggesting, in the context of a successive motion under § 2255, that *Johnson* does not fall within an "exception to *Teague* [*v. Lane*, 489 U.S. 288 (1989)]").

**III. Recommendation and notice of right to object.**

For the foregoing reasons, the undersigned recommends the court dismiss Petitioner's *Johnson* challenge in Count III.

The undersigned advises Petitioner he has until March 17, 2016, in which to exercise his right to file an objection to this report and recommendation with the Clerk of this Court, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to timely object to this report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

If the court adopts this recommendation, it will not terminate the referral. In that event, the undersigned anticipates ordering Respondent to address Petitioner's remaining two claims, Counts I and II.

The Clerk of the Court is instructed to electronically forward a copy of this report and recommendation to the United States Attorney for the Western District of Oklahoma.

ENTERED this 26th day of February 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE