# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARTIN GONZALEZ MUNOZ, )<br>)<br>Petitioner, )<br>)<br>vs )<br>)<br>THOMAS SCARANTINO, )<br>)<br>Defendants. ) | NO. CIV-16-143-HE |

## ORDER

Petitioner, a prisoner appearing *pro se*, filed this application for writ of habeas corpus under 28 U.S.C. § 2241. Consistent with 28 U.S.C. § 636(b)(1)(B) & (C), the matter was referred for initial proceedings to Magistrate Judge Suzanne Mitchell, who has recommended dismissal of the third claim in petitioner's application, which attacks his sentence on the basis that it was calculated under a statute which has been held unconstitutional. See Johnson v. United States, 135 S. Ct. 2551, 2557 (2015).

A challenge to a prisoner's sentence can ordinarily be pursued only under 28 U.S.C. § 2255, which must be filed in the district court that imposed the sentence. Brace v. United States, 634 F.3d 1167, 1169 (10th Cir. 2011). There is an exception when the petitioner can show a § 2255 petition is "inadequate or ineffective to test the legality of his detention." Id. However, relief under § 2255 may be available, even on a second or successive petition, as a result of a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." § 2255(h).

In light of the Supreme Court's decision in Welch v. United States, 136 S. Ct. 1257

(2016), holding the rule in Johnson to be retroactive on collateral review, a § 2255 petition is adequate and effective means of raising that issue. However, this court does not have jurisdiction over that issue because petitioner was sentenced in the Western District of Texas. See Robinson v. Kastner, 577 F. App'x 896, 897 (10th Cir. 2014).

The Report and Recommendation was directed only to dismissal of the third (Johnson) claim in the motion and recommended dismissal of that claim. Petitioner has filed an objection to the report, challenging the report's characterization of the offense of conviction and of the disposition of prior habeas petitions in other courts, but does not challenge the report's treatment of the jurisdictional issue.

Accordingly, for substantially the reasons stated in the report, the Report and Recommendation [Doc. No. 5] is **ADOPTED**. Petitioner's claim based on Johnson is **DISMISSED**.

In order for petitioner to pursue a Johnson claim in the sentencing district court, it appears he will first be required to obtain authorization to pursue a second and successive petition from the Fifth Circuit Court of Appeals. Further, it appears a petition seeking relief based on Johnson would need to be filed in the sentencing court by June 26, 2016 (one year from the date Johnson was decided) to meet the applicable deadline. See 28 U.S.C. 2255(f)(3). That may be difficult given the short period of time between the date of this order and the deadline. Through inadvertence, this court did not timely act on the Report and Recommendation or petitioner's objections to it. This court acknowledges it own delay in

acting on the report, and that the delay was not the fault of petitioner, in the event that petitioner needs to pursue an extension of the filing deadline based on equitable tolling or otherwise.

The referral to Judge Mitchell remains in place as to the claims not addressed by the Report and Recommendation and this order.

**IT IS SO ORDERED.**

Dated this 6th day of June, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE