# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

MARTIN GONZALEZ MUNOZ,     )
    )
    Petitioner,     )
    )
v.     ) Case No. CIV-16-143-HE
    )
THOMAS J. SCARANTINO,     )
    )
    Respondent.     )

## REPORT AND RECOMMENDATION

Petitioner, appearing pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, and Chief United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. On initial review, the undersigned construed Petitioner's petition as challenging his prisoner classification (Count I), his sentence execution (Count II), and his sentence (Count III), and recommended the court dismiss Count III on screening. Doc. 5. The court adopted the recommendation and dismissed Count III, Doc. 9, and the undersigned ordered Respondent to address Petitioner's Counts I and II. Doc. 10. Respondent filed a response and motion to dismiss, Doc. 13,[1] Petitioner objected, Docs. 14, 15,[2] and

---

[1] Because Respondent relies on materials outside the pleadings, the undersigned reviews his pleading as a response, rather than a motion to dismiss.

Respondent replied. Doc. 16. For the reasons set forth below, the undersigned recommends the court dismiss Petitioner's Count I and deny Petitioner's Count II.

## I. Background.

Petitioner was serving a state sentence in Texas, and on June 15, 1995, Texas authorities arrested him for a parole violation. Doc. 1, at 25, 41; Doc. 13, Ex. 2, at 2, 11, 17. Authorities revoked Petitioner's parole in September 1995, and he was placed in a state penitentiary in October 1995. Doc. 13, Ex. 2, at 3, 11. In February 1996, federal authorities placed a detainer on Petitioner. Doc. 1, at 24, 27. According to Petitioner, state authorities nevertheless voted in April 9, 1996 to re-parole him, beginning in June 1996, but then changed their votes on April 26, 1996, placing him on "serve all" status. *Id.* at 24.

In March 1996, federal authorities gained Petitioner's custody through a writ of detainer, Doc. 13, Ex. 2, at 3, 11, and in May 1997, a jury in the Western District of Texas convicted Petitioner of two counts of being a felon in possession of a firearm (the first count for possession of a sawed-off shotgun and the second for possession of a pistol), and he received a sentence of 262 months' imprisonment to be served concurrently, followed by two

---

[2] In Doc. 15, Petitioner moves to supplement his objection with an omitted exhibit. The undersigned GRANTS the motion and considers the exhibit herein.

concurrent three-year terms of supervised release. *See United States v. Munoz,* 150 F.3d 401, 407-10 (5th Cir. 1998). On June 20, 1997, federal authorities returned Petitioner to state custody to serve the remainder of his state sentence. Doc. 13, Ex. 2, at 3. Petitioner completed that sentence on March 27, 1998, and federal authorities took Petitioner into federal custody to commence service of his federal sentence. *Id.*

## II. Petitioner's claims.

As noted, Petitioner has two remaining claims for relief. In Count I, Petitioner alleges the Bureau of Prisons (BOP) has incorrectly determined he was convicted of having a sawed-off shotgun and as a result has improperly classified him pursuant to the Violent Crime Control Law Enforcement Act (VCCLEA). Doc. 1, at 3;[3] Doc. 14, at 1.[4] In Count II, Petitioner alleges "[p]roper credit to [his] sentence [has] not been assigned," Doc. 1, at 23,

---

[3] The undersigned's page citations refer to this Court's CM/ECF pagination. Additionally, while all quotations are otherwise reprinted verbatim, the undersigned has elected to omit Petitioner's all-capitalization format.

[4] Respondent sees Petitioner's argument as "simply a thinly veiled attempt to assert a sentencing matter which this Court lacks jurisdiction to consider and which has already been addressed by the sentencing court as well as the Fifth Circuit Court of Appeals." Doc. 13, at 1 n.2. While the undersigned agrees Petitioner's petition could be read in such a manner, *see* Doc. 1, at 4 (complaining about the trial court's sentencing errors), Petitioner strongly objects, clarifying: "Petitioner's actual allegation is that the BOP has improperly classified him as being convicted of a violent felony pursuant to the violent crime control law enforcement act." Doc. 14, at 1 (emphasis and quotation marks omitted).

specifically arguing "credit is due to Petitioner's federal sentence for time spent in the Texas Department of Corrections because the federal detainer is the sole cause of his continued state confinement." Doc. 14, at 3 (emphasis and quotation marks omitted).

## III.  Petitioner's challenge to the BOP's classification (Count I).

Respondent asks the court to dismiss Petitioner's Count I because he failed to exhaust his claim through the BOP administrative process. Doc. 13, at 5-9. The undersigned agrees.

### A.  The exhaustion requirement.

Under Tenth Circuit law, "[t]he exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief . . . ." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). "BOP regulations require a prisoner to attempt informal resolution of a complaint and, if that fails, to submit a formal request for an administrative remedy to the institution. If the inmate does not obtain a satisfactory resolution from the institution itself, he then may file a regional appeal followed by a national appeal." *Id.* at 1204 (citations omitted). Exhaustion may be excused, but the exception is narrow, and exists only if "a petitioner can demonstrate that exhaustion is futile." *Id.*

## B.    Petitioner's nonexhaustion.

Respondent presents evidence Petitioner has not exhausted his claim concerning his classification status, Doc. 13, Ex. 1, at 5, and Petitioner admits he did not exhaust his claim.  He argues:

> [The BOP] . . . verbally state[d] to Petitioner that, because of his conviction for possession of a "sawed-off" shotgun, he would never be removed from VCCLEA violent felony categorization.  This statement to Petitioner had the effect of making any further pursuit of the issue through the administrative remedy program to become futile.

Doc. 14, at 2.

Petitioner's argument lacks merit.  "[S]ince the BOP regulations require an appeal at the national level in order to fully exhaust claims, no individual prison-level official would be able to speak authoritatively as to whether a national appeal would be successful."  *Steck v. Chester*, 393 F. App'x 558, 559 (10th Cir. 2010) (citation omitted).  "Therefore, [the court] cannot excuse [Petitioner's] failure to exhaust merely because one local prison official allegedly told him that his appeals would be fruitless."  *Id.*; *see also, e.g., Rodriquez v. Ledezma*, No. CIV-10-1282-C, 2011 WL 1575528, at *1-2 (W.D. Okla. Mar. 30, 2011) (unpublished recommendation) (rejecting petitioner's claim "exhaustion would be futile" because one official allegedly led him to believe he would never have been successful in an administrative

appeal), *adopted*, 2011 WL 1575524 (W.D. Okla. Apr. 26, 2011) (unpublished order).

Petitioner also claims exhaustion is futile because relief "would come too late" since he is scheduled for release in April 2017. Doc. 14, at 3. But Petitioner's documents reflect he has known about the alleged classification error since at least April 2011, Doc. 1, at 9, and yet he has done nothing to exhaust his administrative remedies in that time. "'A prisoner cannot manufacture exigency by tarrying.'" *Samples v. Wiley*, 349 F. App'x 267, 269 (10th Cir. 2009) (internal brackets and citation omitted). So, the undersigned finds no merit in Petitioner's argument the exhaustion process should be excused as futile because he may now have insufficient time to complete the process. *See id.* (rejecting petitioner's futility claim based on an upcoming release where it "was entirely possible that [the inmate] could have completed the BOP administrative process" had he started it in a timely manner).

Finally, Petitioner's attempt to exhaust his administrative remedies *after* filing his § 2241 action does not shield his claim from dismissal. Doc. 15, Ex. 1 at 2 (informal resolution form and response, indicating a submission date of July 11, 2016). First, one informal request does not satisfy the BOP's four-step exhaustion process, *see supra* § III(A), and Petitioner must complete all four steps before the court may consider his claim exhausted. *See*

*Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Exhaustion of administrative remedies . . . means using all steps that the agency holds out . . . ."). Second, exhaustion is a *prerequisite* for § 2241 relief. *See Garza*, 596 F.3d at 1203. So, Petitioner's belated attempt to exhaust his claim—almost five months *after* he filed his § 2241 petition—is insufficient. *See Strickland v. Wilson*, 399 F. App'x 391, 396 (10th Cir. 2010) (affirming dismissal on grounds of nonexhaustion, where petitioner's remedy was still "pending at the time he filed the instant federal habeas petition"); *see also, e.g., Futch v. Kastner*, No. CIV-14-1043-HE, 2015 WL 3960903, at *1, 2 (W.D. Okla. June 29, 2015) (unpublished district court order) (adopting recommendation the court dismiss petitioner's § 2241 petition as unexhausted, where petitioner—at the time he filed the petition—was "still waiting for a final ruling on his disciplinary appeal").

Plaintiff failed to exhaust his administrative remedies, and has failed to demonstrate futility. For these reasons, the undersigned recommends the court dismiss Count I as unexhausted.

## IV.  Petitioner's challenge to his sentence credits (Count II).

For Count II, Respondent argues the BOP cannot grant Petitioner the credit he requests because his state sentence has already been credited for the same time. Doc. 13, at 9-13. The undersigned agrees and recommends the court deny habeas relief on Count II.

Though his time-line is difficult to follow, it appears Petitioner believes he is entitled to credit on his federal sentence under four alternative time frames: (1) May 9, 1997, to March 27, 1998; (2) June 15, 1995, to March 27, 1998; (3) February 7, 1996, to March 27, 1998; or (4) April 3, 1996, to March 27, 1998. Doc. 1, at 25. The court need not decide which timeline is more applicable however, because Respondent demonstrates Plaintiff's state sentence was credited for the longest period of time—June 15, 1995, to March 27, 1998. Doc. 13, Ex. 2, at 3-4, 11. With that, 18 U.S.C. § 3585(b) prohibits the BOP from granting Petitioner the same credit against his federal sentence. *See* § 3585(b) (stating a defendant shall be given credit for any time he has spent in official detention prior to the date the sentence commences "[t]hat has not been credited against another sentence"); *Heddings v. Garcia*, 491 F. App'x. 896, 900 n.1 (10th Cir. 2012) (noting "Heddings 'does not challenge the government's assertion that the entire time from his arrest on September 12, 2005, until his federal sentence commenced on May 1, 2009, actually was credited to his Montana state sentence.' And rightly so, because 'Congress made clear in enacting § 3585(b) that a defendant could not receive a double credit for his detention time.'" (citation and internal brackets omitted)).

Petitioner believes § 3585(b) does not apply because his incarceration in the Texas state penitentiary was "solely because of the federal detainer," Doc.

14, at 4, so as to "justify treating the state [prison] as the practical equivalent of a federal one." Doc. 1, at 62 (citation omitted). To support his position, Petitioner reminds the court the state parole board had voted to re-parole him (starting in June 1996), but changed their vote after the federal detainer. Doc. 14, at 4; *see also supra* § I. So, according to Petitioner's logic, this Court should treat his incarceration at the state penitentiary as being solely based on the federal detainer.

Clearly, Petitioner's argument is misguided. Even assuming the state parole board changed its vote *because* of the federal detainer, Petitioner was not incarcerated in the Texas state prison *on* the federal detainer. He was incarcerated to complete his Texas sentence, which he did on March 28, 1997. And, because Petitioner received state credit for time he served between June 15, 1995, to March 27, 1998, his claim for habeas relief must be denied under § 3585(b).

## V.  Recommendation and notice of right to object.

For the foregoing reasons, the undersigned recommends the court dismiss Count I and deny Count II.

The undersigned advises the parties they have until August 22, 2016, to exercise their right to file an objection to this report and recommendation with the Clerk of this Court, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to timely

object to this report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

Entered this 1st day of August, 2016.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE