# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

MARTIN GONZALEZ MUNOZ, )
)
        Petitioner, )
)
Vs )    NO. CIV-16-143-HE
)
THOMAS SCARANTINO, )
)
        Respondent. )

## ORDER

Petitioner Martin Gonzalez Munoz ("Munoz"), a prisoner appearing *pro se*, filed this application for writ of habeas corpus under 28 U.S.C. § 2241. The application raised three claims for relief: first, that Munoz was improperly classified by the Bureau of Prisons ("BOP") as a prisoner sentenced under the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, 108 Stat. 1824, 1896 ("VCCLEA"); second, that he did not receive credit to his sentence for time served; and third, that his sentence was calculated under a statutory provision which has been held unconstitutional, see Johnson v. United States, 135 S. Ct. 2551, 2557 (2015). The matter was referred to U.S. Magistrate Judge Suzanne Mitchell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)–(C). Judge Mitchell recommended the third claim be dismissed so that it could be refiled under 28 U.S.C. § 2255 in a court with proper jurisdiction over the issue, and the court adopted the recommendation. Doc. #9.

Respondent filed a response to the application with respect to the two remaining claims and Judge Mitchell now recommends that the first claim be dismissed for failure

to exhaust administrative remedies and that the second claim be denied [Doc. #17 (the "Report")]. Munoz has filed an objection to the Report.

In 1987, Munoz was convicted in Texas state court of aggravated robbery and delivery of marijuana. He was on supervised release in June 1995 when he was arrested for violating his release conditions based on a domestic violence charge. According to the petition, the domestic violence charge was dismissed, but Munoz's parole officer stated at the revocation hearing that his release should be revoked on the basis of a pending federal indictment for weapons charges, and his release was accordingly revoked. Munoz was indicted in January 1996 for three federal charges: (1) possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d) (a shotgun); (2) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (the shotgun); and (3) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (a .45-caliber pistol).

In March 1997, a jury returned a verdict of not guilty as to the first count and guilty as to the second and third counts. The federal judgment and commitment was entered against Munoz on May 9, 1997. Shortly thereafter, Munoz was erroneously housed in federal custody, but was returned to state custody on June 27, 1997, where he remained until he was released to federal custody on March 27, 1998. His state sentence was discharged on January 17, 2001 and he is currently serving the remainder of his federal sentence.

The thrust of Munoz's first claim is that he was misclassified as a violent prisoner under the VCCLEA, which heightened the criteria applied to calculate his "good

conduct" credit under 18 U.S.C. § 3624(b) (amended 1996). Respondent asserts that Munoz failed to exhaust his administrative remedies as to this issue through the BOP's grievance process, which provided steps for informal resolution and for grievance resolution at the institution, regional, and national levels. See Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief . . . .") Munoz does not dispute this, but contends that exhausting his remedies would have been futile because a prison official told him that he would never be removed from VCCLEA classification on the basis of his conviction for possessing a "sawed-off" shotgun. As the Report observed, however, the statements of a prison-level official do not render the grievance process futile because it can be appealed to the national level. Steck v. Chester, 393 F. App'x 558, 560 (10th Cir. 2010).

In his objection to the Report, Munoz contends, for the first time, that he was prevented from exhausting his administrative remedies because he was denied access to the form when he requested it for this claim.[1] Arguments raised for the first time in this manner are deemed waived. U.S. v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001). The objection does not otherwise raise any error in the Report as to this claim.

In his second claim, Munoz seeks credit against his federal sentence for the periods he spent in state custody following his June 1995 arrest. The report recommends

---

[1] *The objection indicates that the grievance form was subsequently provided to Munoz, and that he has since been removed from the VCCLEA category but without refund of good conduct time previously forfeited. Hence, he is now taking the steps to resolve his dispute through administrative channels.*

3

denial of this claim because 18 U.S.C. § 3585(b) only provides for credit from prior custody if that time has not been credited against another sentence. The record of Munoz's state sentence indicates that his time in custody from June 15, 1995, to March 17, 1998, was credited to his state sentence. Doc. #13-2.

Munoz contends that he was in custody during this period solely due to a federal detainer, and thus he was jailed in connection with his federal charges. However, as the time record from his state sentence indicates, he was actually in jail serving time for the revocation of supervised release, and this period was credited towards his ten-year state sentence.

Munoz also asserts that the State of Texas had voluntarily (even if mistakenly) relinquished its primary jurisdiction over him so that when he was erroneously housed in federal custody, his time in custody from that point onwards was in connection with his federal sentence. Primary jurisdiction may be relinquished in this way when custody is transferred from one sovereign to another without a written request for temporary custody or a writ of habeas corpus ad prosequendum. Weekes v. Fleming, 301 F.3d 1175, 1179–81 (10th Cir. 2002). However, respondent's submissions indicate that Munoz's custody was transferred to the United States under a writ of habeas corpus ad prosequendum and the docket report in the federal criminal case shows that the writ was issued on February 20, 1996. Docket, Case No. 96-cr-00035-DB (W.D. Tex. Feb. 20, 1996). As a result, Texas retained primary jurisdiction over Munoz and the United States was obligated to

4

return him to state custody after his federal sentencing. And, as noted above, his time spent in federal custody prior to March 17, 1998, was credited toward his state sentence.

Accordingly, the Report and Recommendation [Doc. #17] is **ADOPTED**. The petition for writ of habeas corpus [Doc. #1] is **DISMISSED** as to claim one for failure to exhaust administrative remedies and **DENIED** as to claim two.

**IT IS SO ORDERED**.

Dated this 9th day of December, 2016.

_____
JOE HEATON
CHIEF U.S. DISTRICT JUDGE